It now remains for me to consider whether complainant is entitled to maintenance out oi the trust estate ; and by the offers if not agreement of the husband ? The trust estate came from the complainant ¿— the whole of it belonged to her previous to the marriage. By the marriage settlement, « the rents and profits of it were to inure to the defendant and complainant during their joint lives, he to be entitled to take the same.” Now, although the husband is entitled to die perception of these profits during their joint lives, yet it is conjointly with the wife, and her right, though legally vested in him j yet in ¡in equitable and moral point of view, and so far as her maintenance is concerned, it appears to be mutual and unextinguished. The defendant too, appears to have been consciousof this, and in bis first answer filed in this case, it seems he fixed the amount, making an offer of a maintenance of SOOZ. $ supposed to be the one half the income of this trust es *102 tate. It is true; that in his amended answer* he has i-C' tracted this offer, on account of the number of debts she has contracted on his account; but if he has suffered her to contract such debts, it is Iiis own fault; — he is bound by law to pay them ; — this court will not interfere, nor will it suffer him to retract an offer, when he was equitably bound, and which he has once fairly made by his answer. Indeed, had he in his answer unequivocally made her the offer to return to him, perhaps, on the authority of the cases cited, this court must have refused to grant her any thing; but it appears from defendant’s declarations to Miss Colcock, that it is not his intention to take his wife back. For these reasons, the court considers the complainant entitled to receive the one half of the profits of the trust estate 3 but not retrospectively. Therefore, let the defendant account now and hereafter, annually with the commissioner, and pay over to him for the use of the complainant,* one half of the nett .profits of the trust estate, including any and all proceeds of the last year’s crop, not actually paid away: deducting from all future calculations the hire of the ne-groes she now has in her possession, unless the same should be delivered up to defendant3 but that she be at liberty to retain any two of said negro slaves to wait upon her. Lot the defendant have the nurture and education of the child under his own control 3 but let the complainant have reasonable access to her. And let the costs of this suit he paid out of the income of the trust estate, to be borne equally by complainant and defendant.
Head vs. Head, ib. 551 Bullock vs. Menzies, 4th Vez. jr 798

 This was meant only during the separation, as in Head vs. Head.